IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON C. REYNOLDS,

       **Petitioner,**

vs.

TY BATES,

       **Respondent.**

Case No. 11-cv-978-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is petitioner Shannon Reynolds' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner, currently incarcerated in the Big Muddy River Correctional Center, was convicted of aggravated criminal sexual assault. In his petition, he alleges two grounds: 1) that the trial court admonished petitioner at sentencing that he would receive day-for-day credit for everyday he spent in the county jail until he was sentenced but the Illinois Department of Corrections ("IDOC") refused to adhere to the Court's order; and 2) that the trial court admonished petitioner that the mandatory supervised release period, while beginning after incarceration, would be served within the trial court's imposed sentenced and that the trial court did not inform petitioner that his mandatory supervised release term would attach to and extend petitioner's sentence. (Doc. 1).

Petitioner alleges that he directly appealed his conviction and subsequently sought leave to appeal the Illinois Appellate Court's decision affirming his conviction to the Illinois Supreme Court. His request was denied. He further relates that he filed a state post-conviction petition which was dismissed. He appealed that dismissal to the Illinois Appellate Court and the case was remanded back to the Illinois circuit court. On remand, the petition was again dismissed. Petitioner again appealed the dismissal to the Illinois Appellate Court, and his dismissal was affirmed. Petitioner then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on March 30, 2011. *Illinois v. Sutton*, 949 N.E.2d 664 (2011). Petitioner did not file a petition for certiorari with the United States Supreme Court.

It appears that petitioner has exhausted his state law remedies and timely filed his petition. Accordingly, **IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 10th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.10 15:30:36 -05'00'

**Chief Judge**
**United States District Court**