IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON C. REYNOLDS,

Petitioner,

v.

ZACH ROECKEMAN,

Respondent.                                No. 11-cv-00978-DRH-PMF

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending now before the Court is a Report and Recommendation ("R&R") (Doc. 25) issued on April 22, 2013 by United States Magistrate Judge Philip M. Frazier recommending dismissal of petitioner's Section 2254 petition for a writ of habeas corpus (Doc. 1). Petitioner is held at Big Muddy River Correctional Center. Also before the Court is Respondent's motion to dismiss (Doc. 15). Respondent claims petitioner's habeas petition is untimely and urges the Court to dismiss the petition with prejudice. Petitioner objects to the R&R, claiming that his judgment is void, thus the judgment is not yet final so his one year limitation period has not begun to run (Doc. 26). For the following reasons, the Court **GRANTS** respondent's motion to dismiss, **ADOPTS** the R&R in its entirety and **DISMISSES** petitioner's claims with prejudice.

In respondent's motion to dismiss, he claims that petitioner's petition for habeas relief was filed past the one year limitation imposed by the Antiterrorism and Effective Death Penalty Act. Pursuant to 28 U.S.C. § 2244(d)(1):

1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, petitioner does not claim a State impediment to filing his petition, nor does he claim a newly recognized and retroactively applicable constitutional right. Petitioner also does not allege a later discovered factual predicate of the claim. In his objection to the R&R, he merely argues that the trial judge misrepresented his sentence to him at his original sentencing and this renders his judgment void. Petitioner continues by arguing that since "a void judgment can be challenged at any time, the one year limitation period is moot."

However, the Court finds petitioner is mistaken in his interpretation of the procedural events surrounding his sentence. On September 25, 2009, the trial court simply corrected an error in its original sentencing order via a *nunc pro tunc.* Petitioner's sentence of 25 years did not change, only the amount of credit

to which he was entitled for the number of days he spent in jail before sentencing. This correction does not constitute the date on which petitioner discovered the "factual predicate of the claim" through the exercise of due diligence. *See Daniels v. Uchtman*, 421 F.3d 490, 492 (7th Cir. 2005). Even if the Court were to find that the 2009 date began the one year limitation period, petitioner did not file his petition until November 1, 2011, rendering it untimely still under subsection (D) of 28 U.S.C. § 2244(d)(1).

Respondent argues that petitioner's petition is untimely under subsection (A) of the above statute. In that case, petitioner's sentence became final on October 21, 2003. And as stated above, petitioner filed his petition November 1, 2011, far outside the one year limitation window. Whether the time is calculated under subsection (A) or (D), petitioner's habeas petition is untimely filed. Accordingly, the Court **DISMISSES** the petition as untimely filed.

The Court has also considered petitioner's earlier contention that his limitations period should be tolled for the periods of time he was diligently pursuing post-conviction and other state remedies. However, the Court finds that petitioner's filing deadline had passed before he filed his post-conviction petition. Additionally, petitioner has failed to demonstrate that he is entitled to equitable tolling due to extraordinary circumstances. Thus, the Court finds that petitioner is not entitled to tolling of his petition.

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 25) in its entirety and **DISMISSES** petitioner's petition (Doc. 1) with prejudice as untimely.

The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

Further, the Court **GRANTS** respondent's motion to dismiss (Doc. 15).

Additionally, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 8th day of July, 2013.

Digitally signed by
David R. Herndon
Date: 2013.07.08
15:53:46 -05'00'

**Chief Judge**
**United States District Court**